IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLEN TAYLOR,                       :
    Plaintiff,                     :
v.                                 :   CIVIL ACTION 12-705-CB-M
S. LANGHAM, et al.,                :
    Defendants.                    :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on Defendants' Motion for Summary Judgment. (Doc. 15). For the reasons stated below, it is recommended that Defendants' Motion for Summary Judgment be granted and that Plaintiff's claims against Defendants be dismissed with prejudice.

## I. SUMMARY OF ALLEGATIONS

Plaintiff, who is serving a life sentence, is currently incarcerated as an Alabama state inmate at Fountain Correctional Facility in Atmore, Alabama. (Doc. 1 at p. 4). On November 14, 2012, Plaintiff filed a § 1983 complaint against Defendants Sharon Langham, a correctional

officer at Fountain, Terry Raybon, a correctional officer at Fountain, Cynthia White, the Warden at Fountain, and Kim Thomas, Commissioner of the Alabama Department of Corrections. (Doc. 1).

In his complaint, Plaintiff claims that he has been denied access to the courts. In support of this claim, he alleges that the research material in the law library is not kept up-dated, the law books are water damaged and molded, there is inadequate space for the law library, the supplies for legal work, paper, pens, envelopes, etc., are not provided or are not provided in an adequate supply, law books that contain pertinent material for prison and parole cases have been removed from the library, all legal reporting has been removed from library computers with the exception of Alabama cases, the assortment of legal materials in the law library falls far short of the court's predetermined standard, no legal assistance is provided for Plaintiff, the copy machine is not made available to indigent prisoners, the legal mail service is inadequate for indigent prisoners, Plaintiff has been denied adequate telephone access to contact the courts and his attorney, and the policies at Fountain that have been instituted due to overcrowding result in him often being denied leave to

go to the law library for his one afternoon per week. (Id. at pp. 8-10).

Plaintiff also alleges that, after he filed an earlier complaint in federal court for brutality, Defendants "embarked on a deliberate attempt to deprive [him] of access to the Court." Specifically, he alleges that they reduced the days and hours the law library was open, the mailroom was open, and notary service was provided, that they removed all but Alabama cases from the law library computer, and that they changed the process for using the law library. (Id. at pp. 10-11).

Lastly, Plaintiff also asserts that Defendants White and Thomas have conspired to deprive Plaintiff and the other inmates at Fountain of a "Republican Form of Government." (Id. at p. 11-12). In support of this claim, Plaintiff claims that Defendants have abolished the inmate welfare committee and they have unlawfully taken and misappropriated money generated from the inmate canteen and inmate telephone service. (Id.)

Plaintiff seeks money damages from each Defendant in the amount of $100,000. (Id. at p. 13). He also requests that Defendants provide him and other Fountain inmates "the necessary means, supplies, and wherewithal to gain adequate access to the court as to satisfy constitutional

3

requirements." (Id.) Finally, Plaintiff request that the Court order Defendants to reestablish a "welfare committee" and an order that "all monies taken from the prisoners' fund be restored to Plaintiff." (Id.)

In their Answer and Special Report, Defendants deny Plaintiff's claims and assert the appropriate affirmative defenses, including qualified immunity. (Docs. 13 and 14). On June 12, 2013, the Court filed an order converting Defendants' Special Report to a motion for summary judgment. (Doc. 15).

## II.  SUMMARY JUDGMENT STANDARD

In analyzing the propriety of a motion for summary judgment, the Court begins with these basic principles. The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to a party who moves for summary judgment. Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), the Supreme Court held that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

4

show that there is no genuine issue as to any material fact. . . ."  However, all of the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1280 (11th Cir. 2004).

Federal Rule of Civil Procedure 56(e) further provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323.

5

The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by pointing out to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-25.

Once the moving party has satisfied its responsibility, the burden shifts to the non-movant to show the existence of a genuine issue of material fact. See Stabler v. Florida Van Lines, Inc., Civ. A. No. 11-0103-WS-N, 2012 WL 32660, at *5 (S.D. Ala. Jan. 6, 2012) (citing Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991)). Summary judgment is proper when "a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) (citations and internal quotation marks omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (internal citations omitted). "After the nonmoving party has responded to the motion for summary

judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." AGSouth Genetics, LLC v. Cunningham, No. CA 09-745-C, 2011 WL 1833016, at *2 (S.D. Ala. May 13, 2011).

### III. DISCUSSION

In this action, Plaintiff seeks redress for an alleged constitutional deprivation pursuant to 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (1994). In his complaint, Plaintiff alleges that he has been denied his constitutional right to access to the courts. (Doc. 1, pp. 8-9). He further alleges that his access to the courts has been denied in retaliation for his filing of an earlier § 1983 action against other defendants associated with Fountain. (Id. at pp. 10-11). He also makes some vague claim that he and the other inmates at Fountain have been denied a "Republican

form of government." (Id. at pp. 11-12). Noticeably absent from Plaintiff's complaint is any mention of how Plaintiff has been injured by these alleged deprivations. As noted above, § 1983 provides redress only to "the party injured" by a deprivation of a constitutional right. 42 U.S.C. §1983 (1994).

While prisoners do have a constitutional right of access to the courts, the doctrine of standing requires that an inmate alleging a violation of this right must show an actual injury. Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998). In order to show actual injury, a plaintiff must provide evidence that prison officials' actions impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action, such as the denial or dismissal of a direct criminal appeal, habeas petition, or civil rights case. Al-Amin v. Smith, 511 F.3d 1317, 1332-33 (11th Cir. 2008). Simply stated, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996); accord Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998)(holding that a plaintiff cannot state a claim by simply alleging

systemic denial of access to the courts or legal resources without tying the denial to an actual injury).

Accordingly, because Plaintiff has failed to allege any actual injury due to his alleged denial of access to the courts, Plaintiff's claim for denial of access to the courts is due to be dismissed.

As noted above, Plaintiff also claims that the defendants retaliated against him for an earlier § 1983 claim he filed against other employees of Fountain in January of 2011 by changing the hours of the law library and the procedure for inmate's use of the law library.  To prevail on a retaliation claim, Plaintiff must show that he suffered an adverse action for engaging in protected expression and that the adverse action was causally related to the protected expression.  See Hicks v. Ferrero, 241 F. App'x 595, 597 (11th Cir. 2007).  Plaintiff has failed to show that he suffered any adverse action and has failed to make any causal connection in this case. Defendants acknowledge that changes were made to the procedures and operation of the law library in April of 2011. (Doc. 14, p.3).  These changes apply to all inmates, not just Plaintiff. (Id.)  Plaintiff's suggestion that changes to the law library's operation were motivated by his lawsuit is mere speculation.  This is especially true in light of

the fact that none of the Defendants were parties to the earlier lawsuit and none of the Defendants had any personal knowledge of Plaintiff's earlier lawsuit. (Docs. 14 at p. 4, 14-1, 14-2, 14-3, and 14-4). Because Plaintiff has failed to allege any facts that would support his retaliation claim, that claim is also due to be dismissed.

Finally, Plaintiff has alleged that he and the other inmates at Fountain have been denied a "Republican form of government." He bases this claim on the fact that Fountain does not have an inmate welfare committee and the fact that the funds generated by the canteen and telephone service at Fountain is taken by the Department of Corrections and not used for the inmates at Fountain. Plaintiff does not show how he, as a prison inmate, has any constitutional right to an inmate welfare committee in his correctional facility or any right to dictate where or how funds generated by the canteen or telephone service are utilized. The Court finds this claim to be absolutely without merit and due to be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Defendants' motion for summary judgment in their favor on any and all claims asserted against them by Plaintiff in this action is due to be granted and hereby recommends that

10

any and all claims asserted against the Defendants be dismissed with prejudice.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 25th day of September, 2013.

        s/BERT W. MILLING, JR.
        UNITED STATES MAGISTRATE JUDGE